IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

ANTHONY RICHARDS, SR.        *

    Plaintiff,        *

    v.        *        1:07-CV-261-WKW
                                          (WO)
COFFEE COUNTY SHERIFF        *
DEPARTMENT, *et al.*,
                               *

    Defendants.

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

On May 9, 2007, Plaintiff filed a Motion for Leave to Amend Complaint. Attached to the motion is Plaintiff's proposed amendment. In the proposed amendment, Plaintiff requests that the court strike the Coffee County Sheriff's Department as a party to the complaint.

Upon review of the proposed amendment, the court concludes that Plaintiff's request for leave to amend his complaint, construed as a motion to dismiss the Coffee County Sheriff's Department as a defendant, is due to be denied as moot. By order entered April 23, 2007 the court adopted the March 30, 2007 Recommendation of the Magistrate Judge which recommended that the Coffee County Sheriff's Department be dismissed as a party to this suit.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's May 9, 2007 pleading (Doc. No. 22), construed as a Motion to Dismiss the Coffee County Sheriff's Department as a defendant, be DISMISSED as moot. It is further the Recommendation of the Magistrate Judge that this case with respect to the remaining defendants be referred back to the undersigned for additional proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **May 28, 2007**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 14th day of May, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE