IN THE  UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

ANTHONY RICHARDS, SR.,             *
#243 996
     Plaintiff,                              *

       v.                                    *          1:07-CV-261-WKW
                                          (WO)
DAVE SUTTON, SHERIFF, *et al.*,       *

     Defendants.                           *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

In this 42 U.S.C. § 1983 action, Anthony Richards, Sr. ["Richards"], a state inmate, asserts that on March 9, 2007, while in the custody of Coffee County Jail officials,  he was injured in an automobile accident which occurred during his transport to a work detail.[1] Richards maintains that Defendants violated his constitutional rights by failing to protect him from injury while in their custody.  Richards also alleges that he received inadequate medical treatment for injuries sustained during the accident and that jail officials tampered with his legal mail. Sheriff David Sutton and Jail Administrator Richard Moss are the named defendants.[2]  Plaintiff requests that his future mail not be tampered with, that Defendants be

_____

[1]Richards is currently incarcerated at the Camden Work Release Center in Camden, Alabama. At the time he filed this action he was incarcerated at the Coffee County Jail in New Brockton, Alabama.

[2]Richards also named Dr. Meloni and Officer Dallas Gibson as defendants to the complaint.  Service was never effected on these individuals and, therefore, the court finds that they are due to be dismissed without prejudice as parties to the complaint. *See* Rule 4(m), *Federal Rules of Civil Procedure*.

held responsible for his medical needs including medication, surgery, and future medical expenses, and that he be awarded $1 million in damages.[3]

In accordance with the orders of the court, Defendants filed an answer, special report, and supporting evidentiary material in response to the allegations contained in the complaint. The court then informed Richards that Defendants' special report may, at any time, be treated as a motion for summary judgment, and the court explained to Richards the proper manner in which to respond to a motion for summary judgment. Richards filed a response to the special report filed by Defendants. This case is now pending on Defendants' motion for summary judgment. Upon consideration of the motion, Richards's opposition to the motion, and the supporting and opposing evidentiary materials, the court concludes that Defendants' motion for summary judgment is due to be granted.

## I. SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(c) (Summary

---

[3]Because Richards is no longer incarcerated the Coffee County Jail, his requests for declaratory and/or injunctive relief have been rendered moot. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *see also Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury).

judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").[4]   The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

Defendants  have met their evidentiary burden and demonstrated the absence of any genuine issue of material fact with respect to the claims lodged against them.  Thus, the burden shifts to Richards to establish, with appropriate evidence beyond the pleadings, that a genuine issue material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial.").  A genuine issue of material fact exists when the

---

[4]Effective December 1, 2007, "[t]he language of Rule 56 [was] amended ... to make the rule[] more easily understood and to make style and terminology consistent throughout the rules.  These changes ... are stylistic only."  Fed.R.Civ.P. 56 Advisory Committee Notes.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior rule remain equally applicable to the current rule.

nonmoving party produces evidence that would allow a reasonable fact-finder to return a

verdict in its favor. *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts

> must distinguish between evidence of disputed facts and disputed matters of
> professional judgment. In respect to the latter, our inferences must accord
> deference to the views of prison authorities. Unless a prisoner can point to
> sufficient evidence regarding such issues of judgment to allow him to prevail
> on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 549 U.S. 521, 530 (2006) (internal citation omitted). Consequently, to

survive Defendants' properly supported motion for summary judgment, Richards is required

to produce "sufficient evidence" which would be admissible at trial supporting his claim of

a constitutional violation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule

56(e)(1), *Federal Rules of Civil Procedure*. "If the evidence [on which the nonmoving party

relies] is merely colorable ... or is not significantly probative ... summary judgment may be

granted." *Anderson*, 477 U.S. at 249-250. "A mere 'scintilla' of evidence supporting the

opposing party's position will not suffice; there must be enough of a showing that the [trier

of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106

S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577

(11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient

to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for

summary judgment. *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279

(11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's

"conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving parties. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude

5

entry of summary judgment.").  "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted).  To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper.  *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact.  *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).  Thus, Richards' *pro se* status alone does not mandate this

court's disregard of elementary principles of production and proof in a civil case.  In this case, Richards fails to demonstrate a requisite genuine issue of material fact in order to preclude summary judgment.  *Matsushita*, *supra*.

## II. DISCUSSION

A.  *Lack of Service on Dr. Meloni and Dallas Gibson*

Richards named Dr. Meloni and Dallas Gibson as defendants to the complaint. Although the court attempted service on these individuals, service was not perfected on them as Richards failed to provide the court with an address at which service could be perfected.[5] Accordingly, the court entered  orders informing Richards of the failure to perfect service on Meloni and Gibson, advising Richards of his responsibility to provide the court with a correct service address for these defendants, and cautioning Richards that the failure to perfect service on defendants Meloni and Gibson would result in the dismissal of his claims against these individuals.  (*Doc. Nos. 10, 15, 18*.) Under Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 120 days after the complaint is filed, the court - . . . on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant. . . .  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *See Horenkamp v. Van Winkle & Co.,* 402 F.3d 1129, 1132 (11th Cir.2005) (A court may grant an extension to serve process

---

[5]The postal service returned the certified mail addressed to Dr. Meloni and Dallas Gibson marked "Attempted, Not Known, Return to Sender."  Although the court made a second attempt at service on Dallas Gibson after Richards filed a "notice of defendant's address," (*see Doc. No. 17*), the postal service returned the certified mail addressed to him marked "Refused."

for either "good cause" or another sufficient ground). "[C]ourts have found 'good cause'

under Rule 4[m] only when some outside factor such as reliance on faulty advice, rather than

inadvertence or negligence, prevented service." *Prisco v. Frank,* 929 F.2d 603, 604 (11th

Cir.1991).

The time allowed for perfecting service of process on Meloni and Gibson expired in

July of 2007.  Richards has not demonstrate the existence of good cause warranting an

extension of the time for service and the court finds no basis on which to extend the time for

service.  Consequently, Richards' claims against Dr. Meloni and Dallas Gibson are subject

to dismissal without prejudice as service has not been perfected on these individuals within

the 120-day period required by Rule 4(m).

## B.  Failure to Protect

On March 9, 2007, while Richards was being transported to a work detail, the truck

in which Richards was riding was involved in a collision with another vehicle. Richards

maintains that Defendants were responsible for his safety, that they failed to protect him from

harm, and that as a result of the vehicle accident he received various injuries.  (*Doc. Nos. 1,

2, 12.*)  Defendants' evidence reflects that on the day in question Correctional Officer Dallas

Hudson, Jr., was transporting Richards and another inmate to a work detail in a county-

owned pick-up truck. While traveling on County Road 232 (a dirt road) at approximately 15

m.p.h., they saw another truck coming towards them as it crested the top of a hill traveling

at approximately 50 m.p.h.  Officer Hudson immediately pulled to the far side of the road.

According to Officer Hudson, the driver of the other truck appeared to apply his brakes,

causing the truck to slide on the gravel roadway and into the front side panel of Officer Hudson's truck. At the time of impact, Officer Hudson indicates that the other truck had slowed to approximately 10-15 m.p.h. Officer Hudson questioned whether the inmates were okay. Richards stated that his knee hurt but otherwise indicated that he was fine and declined any need for an ambulance or medical attention. Richards and the other inmate were then returned to the jail where they received a medical exam as a precaution. On examination, Richards complained of pain to his back, neck, right wrist, and right knee. The examining physician noted some bruising on Richards' upper and lower body and suggested a course of treatment to include ace bandages for his right wrist and knee, ice packs for painful areas for a two day period, and pain medication (ibuprofen). (*Doc. No. 29, Exhs. B, C, D, F*.)

It is undisputed that Defendants Sutton and Moss did not have any personal involvement in the actions about which Richards complains with regard to the motor vehicle accident. It is clear from the complaint, as amended, however, that Richards seeks to hold these defendants liable based on their supervisory positions.

The law is well settled that defendants "can have no respondeat superior [or vicarious] liability for a section 1983 claim." *Marsh v. Butler County*, 268 F.3d 1014, 1035 (11th Cir. 2001); *Miller v. King*, 384 F.3d 1248, 1261 (11th Cir. 2004) ("[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."); *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir.2003) (concluding supervisory officials are not liable on the basis of respondeat superior or vicarious liability); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999), citing

*Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of respondeat superior or vicarious liability.); *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Florida*, 402 F.3d 1092, 1115-1116 (11th Cir. 2005) (In establishing liability under § 1983, a prisoner cannot rely on theories of vicarious liability or respondeat superior.).  Thus, Defendants Sutton and Moss are liable for the challenged actions of other officers only if they "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [their] actions ... and the alleged constitutional deprivation." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (citation omitted).

Based on the foregoing, Defendants Sutton and Moss may be held liable in this 42 U.S.C. § 1983 action only if their actions bear a causal relationship to the purported violation of Richards' constitutional rights.  To establish the requisite causal connection and, therefore, avoid entry of summary judgment in favor of these defendants, Richards must present sufficient evidence of either "a history of widespread abuse [that] put[] [the defendants] on notice of the need to correct the alleged deprivation, and [they] fail[ed] to do so...." or "a ... custom or policy [that] result[ed] in deliberate indifference to constitutional rights, or ... facts [that] support an inference that [Sutton and Moss as supervisory officials] directed the subordinates to act unlawfully, or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Cottone*, 326 F.3d at 1360 (internal punctuation and citations omitted). A thorough review of the pleadings and evidentiary materials submitted in this case

demonstrates that Richards has failed to meet this burden.

The record before the court contains no evidence to support an inference that either Defendant Sutton or Moss directed county personnel to act unlawfully or knew that county personnel would act unlawfully and failed to stop such actions. Richards has likewise failed to show a history of widespread abuse in connection with the matter about which he complains which put either of the aforementioned defendants on the requisite notice. Consequently, neither method of establishing liability under the causal relationship test provides a basis for liability under § 1983. Further, there is nothing before the court to indicate that any policy of the Coffee County Jail resulted in the actions about which Richards complains. *Cf. Employment Div. v. Smith,* 494 U.S. 872, 877 (1990); *Turner v. Safely,* 482 U.S. 78 (1987). Consequently, Defendants' motion for summary judgment on Richards' failure to protect claim is due to be granted.[6]

---

[6]Even if Richards had correctly identified and served properly the driver of the county pickup truck when he filed this action, the negligence/failure to protect claim against him would not entitle Richards to any relief. The law is well settled that the Constitution is not implicated by negligent acts of officials. *Daniels v. Williams*, 474 U.S. 327 (1986); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (mere negligence does not violate the Eighth Amendment); *Kelley*, 400 F.3d at 1285 (negligence insufficient to establish a constitutional violation); *Popham v. City of Talladega*, 908 F.2d 1561, 1563 (11th Cir. 1990), citing *Molton v. City of Cleveland,* 839 F.2d 240, 243 (6th Cir. 1988) (plaintiff showed mere negligence which does not establish a § 1983 claim).

Richards' claim of deliberate indifference is likewise without merit. Officials responsible for prison inmates may be held liable under the Constitution for acting with "deliberate indifference" to an inmate's safety when the official knows of a "substantial risk of serious harm" and with such knowledge disregards that excessive risk to inmate health or safety by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). To sustain a claim, a plaintiff must show that the challenged conduct was "very unreasonable in light of a known risk" of harm or suffering. *Hardin v. Hayes,* 52 F.3d 934, 939 (11th Cir. 1995) (citing *Farmer,* 511 U.S. at 835-36). A constitutional violation occurs, however, only when a plaintiff establishes the existence of "a substantial risk of serious harm, of which the official is subjectively aware, . . . and [that] the official does not respond[] reasonably to the risk'...." *Marsh v. Butler County*, 268 F.3d 1014, 1028 (11th Cir. 2001) (*en banc*) (quoting *Farmer,* 511 U.S. at 844). Thus, in order to survive summary judgment on a failure to protect claim, Richards would have to "produce sufficient evidence of (1)

*C. The Medical Claim*

Richards alleges that Dr. Meloni failed to provide him with adequate medical care and treatment following the vehicle accident on March 9, 2007.  As noted, Dr. Meloni has never been served with the complaint, and thus, is not considered a defendant to this cause of action.  The court, therefore, does not address Plaintiff's dispute over the medical care and treatment provided by Dr. Meloni.

To the extent Richards seeks to hold Defendants Sutton and Moss liable for the

---

a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).

The evidentiary material before the court demonstrates that the injuries suffered by Richards occurred as a result of the actions of a driver who slid off a dirt road into the side of a county pick up truck driven by Correctional Officer Dallas Hudson who, at the time of the accident, was  stopped on the side of the road. (*See Doc. No. 29, Exhs. B-E.*)  The actions of the driver constituted a purely random act that could not be anticipated nor prevented by Officer Hudson. While Richards asserts that Officer Hudson knew the county road was dangerous and had engaged in evasive maneuvers on the same road on two previous occasions in order to avoid collisions (*see Doc. No. 36*), the record contains no evidence that Officer Hudson  had knowledge of specific facts from which an inference could be drawn that a substantial risk of harm existed to Richards or any other inmate in the truck, that he actually drew this inference and thereafter ignored this risk.  Richards' conclusory and unsupported allegation that Officer Hudson knew the county road was dangerous and his assertion that Officer Hudson discontinued using the road after the accident is likewise insufficient to demonstrate that Officer Hudson acted with deliberate indifference on the day in question. (*Id.*)  *See, e.g., Brown v. Richmond County Correctional Inst.*, 2006 WL 1431488 (S. D. Ga. 2006) (concluding that failure to provide a helmet in cutting tree limbs, an activity that "does not, in itself, involve an imminent threat of physical harm posing a danger to a prisoner's life or health," did not rise above the level of mere negligence);  *Bibbs v. Armontrout*, 943 F.2d 26 (8th  Cir. 1991) (holding that prison officials' alleged knowledge that safety guards covering the gears of an inker had been removed, and their failure to repair it, amounted to mere negligence); *Arnold v. South Carolina Dep't of Corrections*, 843 F. Supp. 110 (D.S.C.1994) (holding that kitchen supervisors' knowledge of faulty condition of steam pot, and their failure to repair it, was not sufficient to establish that officials acted with an attitude of deliberate indifference).

Driving down a narrow dirt road  is not, in itself, an inherently or obviously dangerous activity involving an imminent threat of physical harm posing a danger to Richards' life or health.  Richards' allegations simply do  not  establish the requisite element of subjective awareness on the part of Officer Hudson.  *Carter*, 352 F.3d at 1350.  While it is unfortunate that Richards suffered injuries as a result of the accident, the record fails to demonstrate that the incident occurred due to any deliberate indifference or reckless disregard by Officer Hudson with respect to the safety of Richards.  Thus, even if Officer Hudson had been a  properly named defendant to this action, he would be entitled to summary judgment on Richards' failure to protect claim.

medical care and treatment he received at the Coffee County Jail based on their supervisory positions, such claim entitles him to no relief. As the court previously discussed, to prevail against a defendant, Richards must show that the defendant was involved in acts or omissions that resulted in the constitutional deprivation. *Hale v. Tallapoosa County*, 50 F.3d 1579 (11th Cir. 1995). The language of § 1983 plainly requires proof of an affirmative causal connection between the actions taken by a defendant and the constitutional deprivation. *Swint v. City of Wadley, Ala.,* 51 F.3d 988, 990 (11th Cir. 1995). Plaintiff has produced no evidence and makes no argument against Defendants Sutton and Moss either personally participated in the alleged denial of medical care and treatment or instigated or adopted a policy that violated Plaintiff's constitutional rights. *See Hill*, 40 F.3d at 1192.

Settled law provides that supervisory personnel cannot be liable under 42 U.S.C. § 1983 for the action of their subordinates under a theory of *respondeat superior* or vicarious responsibility. *Monell v. Dept. of Soc. Svces.*, 436 U.S. 658, 691 (1978); *Cottone*, 326 F.3d at 1360; *Greason v. Kemp*, 891 F.2d 829, 836 (11th Cir. 1990). Defendants Sutton and Moss are, therefore, only liable if they personally participated in the allegedly unconstitutional conduct or if there is "a causal connection between [their] actions . . . and the alleged constitutional deprivation." *Cottone*, 326 F.3d at 1360.

Plaintiff has presented no evidence from which a reasonable trier of fact could conclude that Defendants Sutton or Moss personally participated in the alleged denial of medical care, that they instigated or adopted a policy that resulted in deliberate indifference to Richards' constitutional rights, or that there were incidences of widespread abuse which

put Defendants Sutton and Moss on notice that there was a need to correct the alleged deprivation.   Defendants' dispositive motion on this claim is, therefore, due to be granted.

*D.  The Mail Claim*

Richards complains that on March 12, 2007, mail he had sent to a law firm was returned to him with the addressee's address marked through and stamped "unsolicited mail." Having successfully sent mail to the law firm on two prior occasions without such correspondence being returned, Richards appears to contend that the mail was returned because jail officials tampered with it.   Richards further contends that Defendant Moss opened legal mail addressed to him outside his presence.  Specifically, Richards asserts that the envelope containing a copy of a Recommendation from this court had been opened prior to his receiving such mail.  (*Doc. Nos. 1, 12*.)

Richards' complaint as it relates  to jail staff's opening mail he  received from this court  entitles him  to no relief.  It is doubtful that the mail in question can be considered "legal mail," but was, rather, merely a  copy of a document filed in this civil action and which is a matter of public record. Such mail is not in any way privileged, and a jailer's opening of it is not a constitutional violation.

Privileged prisoner mail is mail to or from an inmate's attorney that is identified as such. *See Jensen v. Klecker,* 648 F.2d 1179, 1182 (8th Cir. 1981); *citing Wolff v. McDonnell,* 418 U.S. 539, 576-77  (1974). The allegations Richards makes concerning the problems with his inmate mail do not meet that definition.  Even if Richards encountered an isolated instance of legal mail having been opened outside of his presence, such an occurrence,

14

without evidence of improper motive or resulting interference with his right to counsel or access to the courts, does not give rise to a constitutional violation. *See Davis v. Goord*, 320 F.3d 346, 351 (2nd Cir. 2003) (allegation of two incidents of mail interference did not warrant relief where plaintiff failed to allege invidious intent or actual harm); *Florence v. Booker*, 23 Fed.Appx. 970, 972-973 (10th Cir. 2001) ("single incident in which prison officials allegedly improperly opened legal mail" did not justify relief where plaintiff failed to "show either an improper motivation by defendants or denial of access to the courts."); *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990)");*Stevenson v. Koskey,* 877 F.2d 1435, 1441 (9th Cir. 1989) (inadvertent opening of an inmate's legal mail, while not to be condoned, constitutes mere negligence and does not rise to the level of a constitutional rights violation cognizable under 42 U.S.C. § 1983).

Here, the court finds that the actions about which Richards complains with regard to his inmate mail do not rise to the level of a constitutional violation.  Summary judgment is, therefore, due to be granted in favor of Defendants on this claim.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's claims against Dr. Meloni and Dallas Gibson be DISMISSED without prejudice for lack of service in accordance with the provisions of Rule 4(m), *Federal Rules of Civil Procedure*.

2.  This case against Defendants Meloni and Gibson be DISMISSED without

prejudice as Plaintiff has failed to perfect service on these defendants;

3. Defendants Sutton and Moss' motion for summary judgment (*Doc. No. 29*) be GRANTED.

4. This case be DISMISSED with prejudice against Defendants Sutton and Moss;

5. Judgment be ENTERED in favor of Defendants Sutton and Moss and against Plaintiff;

6. The costs of this proceeding be taxed against Plaintiff for which execution may issue.

It is further

ORDERED that on or before **August 31, 2009** the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en*

16

*banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed

down prior to the close of business on September 30, 1981.

    Done, this 17th day of August, 2009.


                            /s/ Susan Russ Walker
                            SUSAN RUSS WALKER
                            CHIEF UNITED STATES MAGISTRATE JUDGE